# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | Bankruptcy Case No. 20-12522 (JTD) |
| | : | Adv. Pr. No. 20-50850 (JTD) |
| Debtor. | : | |
| _____ | : | |
| | : | |
| CITY OF ROCKFORD, IL, *et al.*, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C.A. No. 21-1303-LPS |
| | : | Bankr. BAP No. 21-65 |
| MALLINCKRODT PLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## <u>RECOMMENDATION</u>

At Wilmington this **2nd day of November, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Appellants appeal an Order, referred to as the "Extension Order", of the Honorable John T. Dorsey of the United States Bankruptcy Court for this District which

extended for 90 days an existing preliminary injunction of certain litigations against certain non-Debtors.  The Bankruptcy Court originally entered an injunction on December 4, 2020 which Appellants appealed to this Court.  This Court determined that the order was not final and Appellants failed to meet the standards for interlocutory appeal.  *See Mem. Order in* Mallinckrodt plc v. Connecticut , 20-mc-408-LPS.

A separate group, referred to as the Securities Opt-Out Plaintiffs, party to the proceeding below sought leave for interlocutory appeal of the Extension Order.  The Debtors have opposed leave for interlocutory appeal.  Appellants have not sought leave for an interlocutory appeal

In light of the nature of the relief granted by the Bankruptcy Court, issues preliminary to any appeal and the issues on this Appeal, the parties do not believe that mediation would be a worthwhile exercise and request that this matter be removed from mandatory mediation.

Appellants maintain that the extension of the preliminary injunction for the additional 90 days operates as a permanent injunction given the procedural status of the case and the Amended Plan as proposed converts all preliminary injunctions into permanent injunctions through the effective date.  Based on the permanent injunction granted under the Extension Order, this Order constitutes a final order and, therefore Appellants did not need to seek leave to file an interlocutory appeal.  Appellees have not filed a motion to dismiss the appeal.  Further, the Plan Confirmation hearing is scheduled for October 29, 2021.

Appellants proposed the following brief schedule: Appellants' Opening brief **November 2, 2021**;   Appellees' responsive brief, **December 2, 2021;** and Appellants

reply brief **December 17, 2021.**

Appellees' position that setting a briefing schedule at this time is premature. Appellees disagree that this Appeal is properly before this Court in light of its prior finding of the Initial Order which operates to make the Extension Order not a final order. As a result, Appellees maintain that Appellants are required to request leave for interlocutory appeal, which admittedly Appellants have not done, and the time to do so has passed.  Appellees further note that the Debtors' plan of reorganization does not contemplate conversion of the extension Order into a permanent injunction.  The Plan has not been confirmed and therefore cannot have any effect on the status of the Extension Order.  Because no appeal by Appellants from the extension Order is properly before this Court, this Appeal should be dismissed.

Appellees further argue that even if this Court declines to summarily dismiss the Appeal for procedural deficiencies, this Appeal should be held in abeyance pending this Court's decision on the Securities Opt-Out Plaintiffs' motion for leave.  If this motion is denied, then this Court should also dismiss this Appeal which arises from the same interlocutory order.  If this Court grants the Securities Opt-Out Plaintiffs leave to appeal and permits Appellants leave to appeal, the briefing schedule for both appeals may be set at that time.  As a result, consideration of a briefing schedule in this Appeal is premature.

This court recommends that should a briefing schedule be deemed appropriate that Appellants opening brief be due **November 12, 2021**; Appellants' responsive brief due **December 10, 2021**; and Appellants' reply brief be due **December 21, 2021.**

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72 and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.


/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge

4